| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| **PERKINS COIE LLP**<br>Schuyler G. Carroll (*pro hac vice* pending)<br>Jeffrey D. Vanacore<br>30 Rockefeller Plaza, 22nd Floor<br>New York, NY  10112-0085<br>Telephone: 212.262.6900<br>Email:  scarroll@perkinscoie.com<br>           jvanacore@perkinscoie.com<br><br>*Proposed* Counsel to the Debtors | **Order Filed on May 22, 2019<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In re:<br><br>Marine Environmental Remediation Group LLC, *et al.*<br><br>                       Debtors. [1] | Case No. 19-18994-VFP<br><br>Chapter 11<br><br>Hearing Date:  May 16, 2019<br><br>Honorable Vincent F. Papalia |

## INTERIM ORDER (I) AUTHORIZING POSTPETITION FINANCING; (II) GRANTING LIENS AND SUPERPRIORITY CLAIMS; AND (III) SCHEDULING FINAL HEARING

      The relief set forth on the following pages, numbered two through fifteen is **ORDERED.**

**DATED: May 22, 2019**

                                                      */s/ Vincent F. Papalia*
                                       **Honorable Vincent F. Papalia**
                                       **United States Bankruptcy Judge**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are:  Marine Environmental Remediation Group LLC (7870); and MER Group Puerto Rico LLC (0508).  The mailing address for both Debtors is 12 Hillcrest Road, Mountain Lakes, New Jersey 07046.

144392023.1

Upon the motion (the "**Motion**")[2] of Marine Environmental Remediation Group LLC and MER Group Puerto Rico LLC (collectively, the "**Debtors**"), as debtors and debtors in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") for entry of interim and final orders, pursuant to sections 105, 361, 363(c)(2) and 364 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code") and Rules 2002 and 4001 the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (a) authorizing, but not directing, the Debtors to (i) obtain postpetition financing, and (ii) grant certain protections to prepetition secured parties; and (b) scheduling a final hearing on the Motion, all as more fully set forth in the Motion; and upon the Vulaj Declaration; this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered on July 23, 1984, and amended on September 18, 2012; this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and upon the record of the hearing on the Motion this Court having found that good and sufficient cause exists for the relief granted by this Interim DIP Order:

---

[2] Capitalized terms used but not defined shall have the meanings ascribed in the Motion.

**THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

A. **Petition Date**. On May 1, 2019 (the "**Petition Date**") the Debtors each filed a voluntary petition under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of New Jersey (the "**Court**"). The Debtors have continued in the management and operation of their business and properties as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Chapter 11 Cases.

B. **Jurisdiction and Venue**. The Court has jurisdiction over these proceedings, pursuant to 28 U.S.C. § 1334. Consideration of the Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2). Venue for the Case and the proceedings on the Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

C. **Committee Formation**. As of the date hereof, no official committee of unsecured creditors has been appointed in these Chapter 11 Cases.

D. **Notice**. The Debtors have represented that notice of the Interim Hearing and the relief requested in the Motion has been provided by the Debtors, by telecopy, e-mail, overnight courier and/or hand delivery, to those parties required by D.N.J. LBR 9013-5. Under the circumstances, such notice of the Interim Hearing and the relief requested in the Motion constitutes due, sufficient and appropriate notice and complies with section 102(1) of the Bankruptcy Code, Bankruptcy Rules 2002 and 4001(b) and (c) and the Local Rules.

E. **Secured Prepetition Indebtedness**. Without limiting the rights of any party in interest, the Debtors represent, stipulate, and agree that, to the best of their knowledge, the only outstanding secured indebtedness as of the Petition Date was to the

Lender and that the Lender holds a valid fully secured, first priority claim against the Collateral existing as of the time of the filing of the Petitions in the amount of $14,206,455

      F.    **Need for Postpetition Financing**. Good cause has been shown for entry of this Interim DIP Order. An immediate need exists for the Debtors to obtain funds and liquidity in order to continue operations, to satisfy in full the costs and expenses of administering these Chapter 11 Cases, and to preserve the value of their estates until emergence under a chapter 11 plan of reorganization. The ability of the Debtors to finance its operations, preserve and maintain the value of its assets, and maximize returns for creditors and the best interest of all the estates' stakeholders requires the availability of the DIP Loan. In the absence of the availability of such funds and liquidity in accordance with the terms hereof, the continued operation of the Debtors' business would not be possible, and serious and irreparable harm to the Debtors and their estates and creditors and other stakeholders of the estates would occur.

      G.    **No Credit Available on More Favorable Terms**. The Debtors have been unable to obtain financing on more favorable terms and conditions from sources other than the Lender pursuant to, and for the purposes set forth in, the Motion and this Interim DIP Order, and are unable to obtain adequate unsecured credit allowable under Section 503(b)(1) of the Bankruptcy Code as an administrative expense. The Debtors are also not able to obtain credit without providing the superpriority claims and granting a lien to the Lender on the terms and conditions set forth in this Interim DIP Order.

      H.    **Use of Proceeds of DIP Loan**. All proceeds of the DIP Loan shall be used and applied in accordance with the terms and conditions of this Interim DIP Order.

144392023.1

    I.    **Extension of Financing; Good Faith Pursuant to Section 364(e)**. The terms and conditions of the DIP Loan are fair, reasonable, and the best available under the circumstances, reflect the Debtors' exercise of prudent business judgment, and are supported by reasonably equivalent value and consideration. All of the Debtors' obligations under the DIP Loan shall be deemed to have been extended by the Lender in "good faith" as such term is used in section 364(e) of the Bankruptcy Code, and in express reliance upon the protections set forth therein, and shall be entitled to the full protection of section 364(e) of the Bankruptcy Code, in the event that this Interim DIP Order, the Final Order or any provision hereof or therof is vacated, reversed, or modified on appeal or otherwise.

    J.    **Relief Essential; Best Interest**. The relief requested in the Motion (and provided in this Interim DIP Order) is necessary, essential, and appropriate for the continued operation of the Debtors' businesses and the management and preservation of the Debtors' assets and property. It is in the best interest of the Debtors' estates that the Debtors be allowed to enter into the DIP Loan as contemplated herein.

    **NOW, THEREFORE**, on the Motion of the Debtors and the record before this Court, and good and sufficient cause appearing therefor,

    **IT IS ORDERED** that:

    1.    **Motion Granted**. The Motion is granted in accordance with the terms and conditions set forth in this Interim DIP Order. Any objections to the Motion with respect to the entry of this Interim DIP Order, to the extent not withdrawn, waived, or otherwise resolved, and all reservation of rights included therein, are hereby denied and overruled.

2. **DIP Loan**.

(a) <u>Obligations</u>.  The Debtors are expressly and immediately authorized and empowered to enter into the DIP Loan and to incur all obligations thereunder in accordance with and subject to this Interim DIP Order and the Final Order, and to take all actions, which may be reasonably required and/or otherwise necessary for the performance by the Debtors under the DIP Loan, including, but not limited to, the creation and perfection of the DIP Liens described and provided for herein and in the Interim DIP Order.  The Debtors are hereby authorized and directed to pay all principal, interest, fees, and expenses and other amounts described herein as such shall accrue and become due hereunder, including, without limitation, the reasonable fees and expenses of the attorneys of the Lender as, and to the extent, provided for herein.  The DIP Loan shall represent, constitute and evidence, as the case may be, valid and binding obligations of the Debtors, enforceable against the Debtors, their estates, and/or any successors thereto.  No obligation, payment, transfer or grant of security under the DIP Loan as approved under this Interim DIP Order and/or the Final Order shall be stayed, restrained, voided, voidable or recoverable under the Bankruptcy Code and/or under any applicable non-bankruptcy law, and/or subject to any defense, reduction, setoff, recoupment or counterclaim.

(b) <u>Authorization to Borrow</u>.  To continue operations, subject to the terms and conditions of this Interim DIP Order, the Debtors are hereby authorized to borrow under the DIP Loan up to an aggregate principal amount of $2,000,000.00.

(c) <u>Collateral</u>.  As used herein, "Collateral" shall mean any and all assets of the Debtors, whether now owned or hereafter acquired, and/or all proceeds thereof,

including, without limitation, the barge known as the SEVEN POLARIS, the drilling rig known as the PARAGON MSS2, all real property and personal property, all equipment, inventory, deposit accounts, securities accounts, cash, and cash equivalents of the Debtors, any claims and/or causes of action of the Debtors including, without limitation, all commercial tort claims and all claims asserted in or that may be asserted in the future in (a) the Complaint dated December 18, 2017 with Starr Indemnity & Liability Co., as Plaintiff, against Marine, as Defendant, and all answers, defenses and/or counterclaims in relation thereto and (b) the Amended Complaint dated September 13, 2018 with the Debtors, as Plaintiffs, against Travelers Property Casualty Company of America, as Defendant, and/or all answers, defenses and counterclaims in relation thereto, as well as any claims for preferences, fraudulent conveyances, and/or other avoidance power claims, including, but not limited to, any and all claims under sections 541, 542, 544, 545, 546, 547, 548, 549, 550, and 553 of the Bankruptcy Code.

(d)    Lien.  Effective immediately upon the entry of this Interim DIP Order and, as applicable, the Final Order, and subject and subordinate only to the Carve-Out, the Lender is hereby granted a secured, superpriority lien on the Collateral pursuant to section 364 of the Bankruptcy Code.

(e)    Other Provisions.  The DIP Loan shall not, without the consent of the Lender, be made subject to, or *pari passu* with, any other lien and/or security interest, other than to the extent expressly provided herein and to the Carve-Out, by any Court order heretofore or hereafter entered in these Chapter 11 Cases, and shall be valid and enforceable against any trustee appointed in these Chapter 11 Cases, and/or upon the conversion of these cases to a case under chapter 7 of the Bankruptcy Code and/or in any

- 7 -

144392023.1

other proceedings related to any of the foregoing, and/or upon the dismissal of the Case and/or these proceedings. The DIP Loan shall not be subject to sections 510, 549, 550 or 551 of the Bankruptcy Code. The express intent is for the secured interest and superpriority lien of the Lender provided herein to survive if any of the Debtors cases are converted to a case under chapter 7 of the Bankruptcy Code.

(f) <u>Superpriority Administrative Claim Status</u>. The DIP Loan shall, pursuant to Section 364(c)(1) of the Bankruptcy Code, at all times constitute an allowed superpriority administrative expense claim of the Lender, and be payable from and have recourse to all Collateral. The DIP Loan shall be subject and subordinate only to the Carve-Out. Other than as expressly provided herein, no costs and/or expenses of administration, including, without limitation, professional fees allowed and payable under sections 328, 330 and 331 of the Bankruptcy Code, or otherwise, that have been or may be incurred in these proceedings, and no priority claims are, or will be, senior to, prior to or *pari passu* with the DIP Loan.

3. **<u>Authorization and Approval to Use Proceeds of DIP Loan</u>**. Subject to the terms and conditions of this Interim DIP Order, the Debtors are authorized to request and use proceeds of DIP Loan in accordance with a budget approved by the Lender, subject to any permitted variances.

4. **<u>Limitation on Use of DIP Loan Proceeds</u>**. No portion of the Carve-Out and no proceeds of the DIP Loan, may be used for the payment of the fees and/or expenses of any person incurred (i) in investigating, challenging, or in relation to the challenge of (including as to the validity, priority, extent or enforceability of), the DIP Loan, or the initiation or prosecution of any claim or action against the Lender, including

without limitation, any claim under chapter 5 of the Bankruptcy Code, and/or any state, local, and/or foreign law, with respect to the DIP Loan, and/or any formal and/or informal discovery proceedings in anticipation thereof, and/or in preventing, hindering and/or delaying the realization by the Lender upon the Collateral, and/or the enforcement of the Lender's rights under this Interim DIP Order (ii) in seeking to modify (whether directly or indirectly) by any motion, pleading and/or otherwise, any of the rights granted to the Lender under this Interim DIP Order, and/or (iii) in paying any amount on account of any claims arising prior to the Petition Date unless such payments are (x) approved by an order of this Court and (y) set forth in the a budget approved by the Lender.

5. **Carve-Out**. As used in this Interim DIP Order, the "Carve-Out" means the sum of: (i) all allowed fees and expenses of professionals retained by the Debtors; (ii) allowed fees and expenses of professionals retained by any official committee, in an amount not to exceed $50,000; and (iii) allowed fees and expenses of professionals retained by a chapter 7 trustee, in an amount not to exceed $10,000.  Nothing herein shall be construed as a consent to the allowance of any professional fees or expenses of any of the Debtors and/or any committee and/or shall limit and/or otherwise affect the right of the Lender and/or any party in interest to object to the allowance and payment of any such fees and expenses.

6. **Limitations in Respect of Subsequent Court Orders**.  Without limiting any other provisions of this Interim DIP Order, it shall constitute an Event of Default under the DIP Loan if an order is entered (i) dismissing or converting these Chapter 11 Cases, (ii) staying, reversing, or vacating this Interim DIP Order, (iii) granting relief from any stay or proceeding to allow a third party to foreclose against any of the assets of the

Debtors (iv) without prior written consent of the Lender, granting superpriority administrative expense status to any claim *pari passu* with or senior to the claims of the Lender or otherwise authorizing the Debtors to take actions adverse to the rights of the Lender under the DIP Loan; and/or (v) the appointment of a chapter 11 trustee for any of the Debtors

7. **Cash Management**. The Debtors' cash management system shall at all times be maintained accordance with the terms of the orders of this Court approving the maintenance of the Debtor's cash management system. The Lender shall be deemed to have "control" over all cash management accounts for all purposes of perfection under the Uniform Commercial Code and/or applicable law. Until the occurrence of an event of default, all amounts collected in the cash collection accounts may be used in accordance with this Interim DIP Order; after the occurrence and during the continuance of an event of default, subject only to the funding of the Carve-Out and all such amounts shall be applied in accordance with the terms of this Interim DIP Order.

8. **Disposition of Collateral**. The Debtor shall not sell, transfer, lease, encumber and/or otherwise dispose of any portion of the Collateral, except to the extent the proceeds thereof are paid to the Lender.

9. **Events of Default; Rights and Remedies Upon Event of Default**.

(a) Any automatic stay otherwise applicable to the Lender is hereby modified so that, upon and after an event of default, the Lender shall, subject to subparagraph (b) hereof, be immediately entitled to exercise all of its rights and remedies with respect to the Collateral, in accordance with this Interim DIP Order.

144392023.1

(b) Notwithstanding the foregoing subparagraph (a), immediately following the giving of notice by the Lender to the Debtors, counsel to the Debtors, counsel for any committee appointed in these Chapter 11 Cases, the U.S. Trustee, and any other affected party of the occurrence of an event of default: (i) all commitments of the Lender to provide any DIP Loan shall immediately be suspended; (ii) the Debtors shall have no right to request or use any proceeds of the DIP Loan or the Collateral, other than towards the satisfaction of the DIP Loan and the Carve-Out; (iii) the Debtors shall deliver and cause the delivery of the proceeds of the DIP Loan and the Collateral to the Lender as provided herein; and (iv) the Lender shall be permitted to apply such proceeds in accordance with the terms of this Interim DIP Order.  The Debtors and any committee shall be entitled to an emergency hearing before this Court within five (5) days after the giving of written notice by the Lender of the occurrence of an event of default.  If the Debtors or any committee does not contest the occurrence of the event of default within such five (5) day period, or if there is a timely contest of the occurrence of an event of default and the Court after notice and a hearing declines to stay the enforcement thereof, the automatic stay shall terminate as to the Lender in all respects.  Nothing herein shall preclude the Lender from seeking an order from the Court upon written notice (electronically (including via facsimile) in a manner that generates a receipt for delivery, or via overnight mail) to the U.S. Trustee, counsel to the Debtors, and counsel to any committee authorizing the Lender to exercise any enforcement rights or remedies with respect to the Collateral on less than five (5) days' notice, or the Debtors' right to contest such relief.

- 11 -

144392023.1

(c)     The automatic stay imposed under section 362 of the Bankruptcy Code is hereby modified pursuant to the terms of the DIP Loan as necessary to (i) permit the Debtors to grant the liens contemplated by the DIP Loan to the Lender, and (ii) authorize the Lender to retain and apply payments, and/or otherwise enforce its rights and remedies hereunder.

(d)     Nothing included herein shall prejudice, impair or otherwise affect the Lenders' rights to seek any other and/or supplemental relief with respect to the Debtors (including, as the case may be, other and/or additional adequate protection).

10.    **Proofs of Claim**.  The Lender is hereby authorized and entitled, in its sole and absolute discretion, but not required, to file (and amend and/or supplement, as its sees fit) a proof of claim and/or aggregate proofs of claim in these Chapter 11 Cases for any claim allowed herein.  Any order entered by the Court in relation to the establishment of a bar date for any claim (including without limitation administrative claims) in these Chapter 11 Cases shall not apply to the Lender.

11.    **Other Rights and Obligations**.

(a)     **Good Faith Under Section 364(e) of the Bankruptcy Code**. Based on the findings set forth in this Interim DIP Order and in accordance with section 364(e) of the Bankruptcy Code, which is applicable to the DIP Loan as approved by this Interim DIP Order, in the event any or all of the provisions of this Interim DIP Order are hereafter modified, amended and/or vacated by a subsequent order of this Court and/or any other court, the Lender is entitled to the protections provided in section 364(e) of the Bankruptcy Code, and no such appeal, modification, amendment and/or vacation shall affect the validity and/or enforceability of any advances made hereunder and/or the liens

- 12 -

144392023.1

and/or priority authorized and/or created hereby or thereby. Notwithstanding any such modification, amendment and/or vacation, any claim granted to the Lender hereunder arising prior to the effective date of such modification, amendment and/or vacation of any lien granted to the Lender shall be governed in all respects by the original provisions of this Interim DIP Order, and the Lender shall be entitled to all of the rights, remedies, privileges and/or benefits, including the liens granted herein, with respect to any such claim. Because the DIP Loan is made in reliance on this Interim DIP Order, the obligations incurred by the Debtors and/or owed to the Lender prior to the effective date of any stay, modification or vacation of this Interim DIP Order shall not, as a result of any subsequent order in the Case or in any Successor Case, be disallowed and/or subordinated, lose its lien priority or administrative expense claim status, and/or be deprived of the benefit of the status of the liens and claims granted to the DIP Lender under this Final Order and/or the Interim DIP Order.

(b)     **Binding Effect**.  The provisions of this Interim DIP Order shall be binding upon and inure to the benefit of the Lender, the Debtors, and their respective successors and assigns (including, without limitation, any trustee and/or other fiduciary hereinafter appointed as a legal representative of the Debtors or with respect to the property of the estates of the Debtors).

(c)     **No Waiver**.  The failure of the Lender to seek relief or otherwise exercise its rights and remedies under this Interim DIP Order shall not constitute a waiver of any of the Lender's rights hereunder.

- 13 -

144392023.1

(d) **No Third Party Rights**. Except as explicitly provided for herein, this Interim DIP Order does not create any rights for the benefit of any third party, creditor, equity holder or any direct, indirect, third party or incidental beneficiary.

(e) **No Marshaling**. The Lender shall not be subject to the equitable doctrine of "marshaling" and/or any other similar doctrine with respect to any of the Collateral.

(f) **Amendment**. The Debtors and the Lender may amend, modify, supplement and/or waive any provision of the DIP Loan without further notice to or approval of the Court, unless such amendment, modification, supplement or waiver (i) increases the interest rate charged in connection with the DIP Loan, (ii) increases the commitment of the Lender to make DIP Loan, or (iii) otherwise is materially adverse to the interests of the Debtors or their estates. Except as otherwise provided herein, no waiver, modification and/or amendment of any of the provisions hereof shall be effective unless set forth in writing, signed by, or on behalf of, the Debtors and the Lender and approved by the Court after notice to parties in interest.

(g) **Priority of Terms**. To the extent of any conflict between or among (i) the Motion, any other order of this Court, or any other agreements, on the one hand, and (ii) the terms and provisions of this Interim DIP Order, on the other hand, the terms and provisions of this Final Order shall govern.

(h) **Enforceability**. This Interim DIP Order shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and shall take effect and be fully enforceable *nunc pro tunc* to the Petition Date immediately upon execution hereof.

144392023.1

(i) **Waiver of any Applicable Stay**. Any applicable stay (including, without limitation, under Bankruptcy Rule 6004(h)) is hereby waived and shall not apply to this Final Order.

(j) **Retention of Jurisdiction**. The Court has and will retain jurisdiction to enforce this Final Order according to its terms.

12. Subject to the Final Order, nothwithstanding anything contained herein to the contrary, the liens and super-priority claims granted to the Lender in this interim order shall be limited in amount to the total post-petition amount advanced by the Lender.

13. Unless otherwise noted in the Final Order or unless an objection has been filed prior to the expiration of 60 days after the appointment of a statutory committee, or if not such committee is appointed, prior to the expiration of 75 days from the date of entry of this order, the liens and claims and the amount thereof asserted by the Lender shall be deemed allowed on a final basis and no longer subject to challenge in any respect.

14. A Final Hearing to consider the relief requested in the Motion shall be held on June 11, 2019 at 11:00 a.m. (Eastern Time), and any objections or responses to the Motion shall be filed and served so as to be actually received on or prior to June 3, 2019 at 4:00 p.m. (Eastern Time), provided, however that the U.S. Trustee and any statutory committees shall be permitted to file and serve objections so as to be actually received on or prior to June 7, 2019 at 4:00 p.m. (Eastern Time) on the following parties: (a) proposed counsel to the Debtors, Perkins Coie LLP, 1155 Avenue of the Americas, 22nd Floor, New York, NY 10036 (Attn: Schuyler G. Carroll, Esq.), scarroll@perkinscoie.com; (b) counsel the Lender, McDonnell Crowley, LLC, 115 Maple

Avenue, Red Bank, NJ 07701 (Attn: Brian T. Crowley Esq.), bcrowley@mchfirm.com (c) the U.S. Trustee for the District of New Jersey; and, if applicable, (d) counsel to any statutory committees appointed in these Chapter 11 Cases.

144392023.1

```
                          United States Bankruptcy Court
                               District of New Jersey
```

In re:                                                          Case No. 19-18994-VFP
Marine Environmental Remediation Group L                        Chapter 11
       Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-2          User: admin            Page 1 of 1                  Date Rcvd: May 22, 2019
                              Form ID: pdf903        Total Noticed: 2

```
Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 24, 2019.
db             Marine Environmental Remediation Group LLC,    Pier 3 Roosevelt Roads,   Ceiba, PR  00735
aty           +Schuyler G. Carroll,    Perkins Coie, LLP,   30 Rockefeller Plaza,    22nd Floor,
               New York, NY 10112-2299

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                             TOTAL: 0

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                             TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 24, 2019                              Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 22, 2019 at the address(es) listed below:
              Anthony  Sodono, III    on behalf of Interested Party Anthony  Sodono, III asodono@msbnj.com
              Brian Thomas Crowley     on behalf of Other Prof. Brian T. Crowley bcrowley@mchfirm.com,
               bcrowley@mcdonnellcrowley.com
              Fran B. Steele    on behalf of U.S. Trustee    U.S. Trustee Fran.B.Steele@usdoj.gov
              Jeffrey  Vanacore    on behalf of Debtor    MER Group Puerto Rico LLC JVanacore@perkinscoie.com,
               DocketNYC@perkinscoie.com;scarroll@perkinscoie.com;tina-carbone-6181@ecf.pacerpro.com;nvargas@per
               kinscoie.com
              Jeffrey  Vanacore    on behalf of Debtor    Marine Environmental Remediation Group LLC
               JVanacore@perkinscoie.com,
               DocketNYC@perkinscoie.com;scarroll@perkinscoie.com;tina-carbone-6181@ecf.pacerpro.com;nvargas@per
               kinscoie.com
              John M. McDonnell     jmcdonnell@mchfirm.com
              John Michael McDonnell    on behalf of Other Prof. John M. McDonnell jmcdonnell@mchfirm.com,
               NJ95@ecfcbis.com,bcrowley@mchfirm.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 8
```